UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

TRUSTEES OF THE NEW YORK CITY           :
DISTRICT COUNCIL OF CARPENTERS          :
PENSION FUND, WELFARE FUND,             :
ANNUITY FUND, AND APPRENTICESHIP,       :
JOURNEYMAN RETRAINING,                  :
EDUCATIONAL AND INDUSTRY FUND;          :
and TRUSTEES OF THE NEW YORK CITY       :
CARPENTERS RELIEF AND CHARITY           :
FUND, AND THE CARPENTER                 :
CONTRACTOR ALLIANCE OF                  :
METROPOLITAN NEW YORK,                  :
                                        :
                        Petitioners,    :
                                        :
        -against-                       :
                                        :
ALLAC LLC, *a/k/a* AllAcoustic Solutions LLC,  :
*a/k/a* All Acoustic Solutions,         :
                                        :
                        Respondent.     :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/12/2026

25-CV-10777 (VEC)

OPINION & ORDER

VALERIE CAPRONI, United States District Judge:

Petitioners, Trustees of the New York City District Council of Carpenters Pension Fund,

Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and

Industry Fund and Trustees of the New York City Carpenters Relief and Charity Fund, and the

Carpenter Contractor Alliance of Metropolitan New York (together, the "Funds"), bring this

action pursuant to Section 301 of the Labor Management Relations Act of 1947 ("LMRA"),

*as amended*, 29 U.S.C. § 185, to confirm an arbitration award against ALLAC LLC a/k/a

AllAcoustic Solutions LLC a/k/a All Acoustic Solutions ("Respondent") pursuant to a collective

bargaining agreement between the New York City District Council of Carpenters ("Union") and

Respondent.  Petitioners also seek to recover attorneys' fees and costs incurred in bringing this

1

Petition.  To date, Respondent has not opposed the Petition, nor has it appeared before this Court.  For the following reasons, the Petition is GRANTED.

## BACKGROUND

Respondent entered into a contract ("International Agreement") with the United Brotherhood of Carpenters and Joiners of America.  Pet., Dkt. 1 ¶ 9.  The International Agreement required Respondent to make contributions for covered employees' work to funds identified in the relevant locality's collective bargaining agreement.  *Id.* ¶¶ 10–11.  Respondent was bound by the International Agreement to the terms of the Union's collective bargaining agreement ("CBA").[1]  *Id.* ¶ 12.

Pursuant to the CBA, Respondent was required to (1) make contributions to the Funds for every hour worked by Respondent's covered employees within the Union's territory pursuant to a schedule set forth in the CBA and (2) comply with an audit of its books and payroll records when requested by the Funds to ensure contribution compliance.  *Id.* ¶¶ 15–16.  Additionally, the CBA bound Respondent to documents adopted by the Funds' Board of Trustees.  *Id.* ¶¶ 17–18.  Such documents included: the Pension Fund Agreement, Pet. Ex. D, Dkt. 1-5; Welfare Fund Agreement, Pet. Ex. E, Dkt. 1-6; Annuity Fund Agreement, Pet. Ex. F, Dkt. 1-7; Apprenticeship Fund Agreement, Pet. Ex. G, Dkt. 1-8; and the Revised Statement of Policy for Collection of Employer Contributions, Pet. Ex. H, Dkt. 1-9 ("Collection Policy").  *See* Pet. ¶¶ 17–18.

The agreements contain conflicting terms regarding arbitration in the event of a dispute.  *Contrast id.* ¶ 20 *with* Ex. C, at Art. XII § 3.  The Collection Policy, however, provides in relevant part that "to the extent that any provision in this Policy is inconsistent with any

---

[1]  Both the CBA and the International Agreement renewed automatically after a set period unless either party provided written notice otherwise.  Pet. ¶¶ 12–13.  No written notice terminating the agreement was provided by either party at any point; accordingly, Respondent was bound by the International Agreement and CBA at all relevant times.  *Id.* ¶¶ 12–14.

collective bargaining agreement, the terms of [the Collection Policy] shall govern to the full extent permitted by law" ("Conflict Between Provisions Clause").  Pet. Ex. H, Dkt. 1-9, at Art. IX § 2.  The Collection Policy states that "[t]he Trustees hereby designate a panel of five arbitrators, consisting of: Roger Maher, J.J. Pierson, Steven Kasarda, Jeffrey Stein and Daniel Engelstein.  This panel can be changed at any time at the discretion of the Trustees." *Id.* at Art. VI § 2.  The Collection Policy also provides that "legal action to collect delinquencies shall generally be in the form of arbitration." *Id.* at Art. VI § 1.

The CBA and Collection Policy both provide that, in the event of arbitration or litigation arising from delinquent contributions, the Funds are entitled to: "(1) interest on the unpaid contributions at the prime rate plus 2%; (2) an amount equal to the greater of (a) interest on the delinquent contributions or (b) liquidated damages in the amount of 20% of the unpaid contributions; (3) audit costs; and (4) reasonable costs and attorneys' fees incurred by the Funds for all time spent in collection efforts," in addition to (5) the unpaid contributions.  Pet. ¶ 22; Ex. C, at Art. XV § 6; *see also* Ex. H, at Art. IV § 11, Art. V §§ 1, 4–6.  The Collection Policy further provides that, in the event of arbitration or litigation, the employer is responsible for "delinquency assessment, debt collection service fees . . . the entire cost of a payroll review and/or audit, and any other expenses incurred by the Funds in determining the amount of the delinquency and in collecting the delinquency." Ex. H, at Art. IV § 11.

Petitioners audited Respondent for the period covering October 1, 2022, through March 22, 2025 ("Audit").  Pet. ¶ 25; *see* Pet. Ex. I, Dkt. 1-10.  The Audit uncovered $95,805.23 in delinquent payments owed by Respondent to the Funds.  Pet. ¶ 25.

After Respondent failed to pay its unpaid contributions, Petitioners initiated arbitration before Steven Kasarda.  Mr. Kasarda sent Respondent notice of the hearing.  Pet. ¶¶ 26–27;

*see* Pet. Ex. J, Dkt. 1-11.  On October 8, 2025, the arbitrator held a hearing and, on October 28, 2025, rendered his opinion and award of arbitration ("Award").  *Id.* ¶ 28; *see* Pet. Ex. K-1, Dkt. 1-12.  The arbitrator determined that Respondent was bound by the CBA and, therefore, required to make contributions in accordance with the schedule provided therein.  *See* Pet. Ex. K-1.  The arbitrator also found that Respondent had outstanding delinquent contributions, as evidenced in the Audit report.  *See id.*  Specifically, the arbitrator determined that Respondent had failed to pay $95,805.23 in contributions to the Funds.  Pet. ¶ 29.  The arbitrator ordered Respondent to pay $151,050.78 to the Funds, consisting of the unpaid contributions, $24,625.32 in interest, $24,625.32 in liquidated damages, $146.16 in promotional fund contributions, $3,348.75 in audit costs, $1,500 in attorneys' fees, and $1,000 in arbitration costs.  *Id.*  The arbitrator further ordered Respondent to pay interest on the Award, to accrue at an annual rate of 9.5 percent from October 28, 2025.  *Id.* ¶ 30.

Respondent was served with the Award and a demand for payment and compliance.  Pet. ¶ 31; *see* Pet. Ex. L, Dkt. 1-13.  No portion of the Award has been paid.  Pet. ¶ 32.  On December 30, 2025, Petitioners filed suit to confirm the Award.  *Id.* ¶ 34.  Respondent has not responded to the Petition nor appeared in this action.  Letter, Dkt. 10.  Accordingly, Petitioners request that the Court review their Petition as an unopposed motion for summary judgment.  *Id.*

## DISCUSSION

### I.        The Arbitration Award Was Proper

#### A.        *Legal Standard*

Under Section 301 of the LMRA, federal courts have jurisdiction over labor contract disputes.  29 U.S.C. § 185.  This jurisdiction extends to petitions to confirm labor arbitration

awards. *Loc. 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998).

"It is well established that courts must grant an [arbitrator's] decision great deference." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. J&V Locks & Doors, Inc.*, No. 25-CV-113 (AT), 2025 WL 1504695, at *2 (S.D.N.Y. May 27, 2025) (alteration in original) (quoting *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003)). Accordingly, "the showing required to avoid confirmation is very high." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). Specifically, the arbitrator does not need to explain the rationale for the award, and "if a ground for the arbitrator's decision can be inferred from the facts of the case," then the award should be confirmed. *Id.* In other words, "[o]nly a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *Id.* at 109–110 (citation and internal quotations omitted); *see also Supreme Oil Co. v. Abondolo*, 568 F. Supp. 2d 401, 406 (S.D.N.Y. 2008) (citation and internal quotations omitted) ("Under the LMRA, an arbitration award should be upheld as long as it draws its essence from the collective bargaining agreement."). Thus, the Court's task "is simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 537 (2d Cir. 2016) (quoting *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).

  *B.     Application*

Because Respondent has failed to respond to the Petition, the Court must treat the Petition as an unopposed motion for summary judgment. *See D.H. Blair & Co.*, 462 F.3d at 109–

110. Therefore, unless the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law, the Petition must be granted. *Id.*

The arbitration was properly commenced. As detailed in the Collection Policy, disputes over contributions are subject to arbitration. Pet. Ex. H, at Art. VI § 1. While the CBA and Collection Policy conflict regarding who may arbitrate disputes arising out of delinquent contributions, *see* Pet. ¶ 20; Ex. C, at Art. XII § 3, the Collection Policy's provision was enforced in accordance with its Conflict Between Provisions Clause, Pet. Ex. H, at Art. IX § 2.[2]

Upon review of Petitioners' submissions, the Court finds that the undisputed facts demonstrate that Respondent failed to make payments to the Funds as required under the CBA and Collection Policy. *See* Pet. ¶¶ 15–16; Ex. I. Therefore, there is more than a "colorable justification" for the arbitrator's finding that Respondent breached its contractual obligations by failing to make contributions in accordance with the CBA and Collection Policy. *See* Pet. ¶¶ 15–16; Ex. I; *D.H. Blair & Co.*, 462 F.3d at 109–110.

The arbitrator's opinion was limited to the issue of delinquent contributions, and, therefore, within the scope of his authority. *See* Pet. Ex. K-1; Ex. H, at Art. VI § 1. In a dispute regarding delinquent contributions, the Collection Policy provides for (1) the unpaid contributions, (2) interest on those unpaid contributions at the prime rate plus two percent, (3) the audit costs, (4) reasonable attorneys' fees and costs, and (5) a delinquency fee of either the greater of the interest on the unpaid contributions or liquidated damages in the amount of

---

[2]  It is unclear whether the Collection Policy's designation of a "panel of five arbitrators" envisions a panel of arbitrators overseeing the dispute or a panel from which to choose a single arbitrator. Pet. ¶ 20. The Court has no evidence that the designation of Mr. Kasarda as the sole arbitrator conflicted with the parties' intent or that any party objected to the designation either at the time of the arbitration or now. *See* Pet. Ex. K-1.

20 percent of the unpaid contributions.[3]  Pet. ¶ 22; Ex. H, at Art. IV § 11, Art. V §§ 1, 4–6.

The Award issued mirrors this precisely.  *See* Pet. ¶ 30; Ex. K-1.

Finally, Petitioners properly filed this Petition within one year of the Award, which was not vacated, modified, or corrected.  *See* Pet. ¶¶ 33–34.  Consequently, the Award was proper, and the Petition to confirm it is meritorious.

## II.      Reimbursement of Attorneys' Fees and Costs Is Justified

Petitioners also seek $1,698.85 in attorneys' fees and $558.45 in costs.  Pet. ¶¶ 35, 43–45.

### A.      Legal Standard

"A party's failure to comply immediately with an arbitration award does not necessarily warrant an award of attorney's fees."  *Abondolo v. H. & M.S. Meat Corp.*, No. 07-CV-3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008); *see Int'l Chem. Workers Union (AFL-CIO), Loc. No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) (the LMRA does not provide for attorneys' fees in an action to confirm an arbitration award).  Courts, however, have used their inherent powers to award attorneys' fees and costs in successful petitions to confirm arbitration awards "'when a challenger refuses to abide by an arbitrator's decision without justification.'"  *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Envtl. Grp., Inc.*, No. 16-CV-6004 (GHW), 2016 WL 7335672, at *3 (S.D.N.Y. Dec. 16, 2016) (quoting *Int'l Chem. Workers Union, Loc. No. 227 v. BASF Wyandotte Corp.*, 774 F.2d at 47); *see also Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Architectural Metal Concept LLC*, 636 F. Supp. 3d 459, 466 (S.D.N.Y. 2022) (awarding attorneys' fees and costs where both

---

[3]      The principal amount of unpaid contributions was $95,805.23; 20 percent of that amount is $19,161.05. Because the interest on the unpaid contributions was $24,625.32, the arbitrator properly determined that the delinquency fee should be $24,625.32.

the collective bargaining agreement and a fund policy explicitly provided for the petitioner to recover attorneys' fees and costs in recovering delinquent contributions).

In calculating reasonable attorneys' fees, "district courts use the lodestar method—hours reasonably expended multiplied by a reasonable hourly rate." *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006). This method calculates a "presumptively reasonable fee." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). Reasonable hourly rates are those "in line with . . . prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation." *McDonald ex rel. Prendergast*, 450 F.3d at 96 (alteration in original) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). In support of requests for attorneys' fees, "petitioners must submit contemporaneous time records that 'specify the date, hours expended and the nature of the work done by each attorney.'" *J&V Locks & Doors, Inc.*, 2025 WL 1504695, at \*2 (citing *Big R Food Warehouses v. Loc. 338 RWDSU*, 896 F. Supp. 292, 295 (E.D.N.Y. 1995))

### B.    Application

In this case, both the CBA and the Collection Policy provide for recovery of reasonable attorneys' fees and costs incurred by the Funds in pursuing collection of the delinquent contributions. *See* Pet. ¶ 22; Ex. C, Art. XV § 6(a)(4); Ex. H, at Art. IV § 11, Art. V § 6. Despite being obligated to arbitrate any disputes concerning Fund contributions, Respondent failed to comply with the Award, thus requiring Petitioners to bring this suit. *See* Pet. ¶ 32; Ex. C, at Art. XV § 7; Ex. H, at Art. VI § 1. Despite being properly served, Respondent then failed to appear before this Court. Letter at 1. Because the Respondent has provided no justification for

refusing to comply with the Award, Petitioners are entitled to reasonable attorneys' fees and costs.  *See id.*; Pet. ¶¶ 31–33.

Upon commencing the action, Petitioners requested $638.50 in attorneys' fees and approximately $560 in costs.  *Id.* ¶¶ 42–43, 45; Ex. M, Dkt. 1-15.  When writing to request that the Petition be reviewed as a motion for summary judgment, Petitioners then requested $1,698.85 in attorneys' fees and, in line with the first estimate, $558.45 in costs.  Updated History Bill for the Court, Dkt. 10-1 ("Updated Bill").  The costs consist of $405 in court fees, $12.80 in postage, and $140.65 in a service fee that included photocopying.  *Id.*

Here, Petitioners' request for attorneys' fees is supported by an invoice detailing that 6.25 hours were spent on the Petition as well as the specific work performed, by whom it was performed, and the billing rate billed for each attorney and legal assistant.  Updated Bill. Maura Moosnick, a partner, bills at a rate of $430 per hour; Allison Herstic, an associate, bills at a rate of $325 per hour; and legal assistants bill at a rate of $163 per hour.  *Id.*; Pet. ¶¶ 38–40. These hourly rates are reasonable for the work performed.[4]  *See, e.g.*, *MAC Installations LLC*, 2025 U.S. Dist. LEXIS 94307, at *7–8 (approving the same rates for Virginia & Ambinder, LLP's attorneys and a similar rate for its paralegals).

This Court, however, finds the hours billed in this case excessive.  In other substantially similar cases before this Court, Petitioners' counsel has been awarded, on average, four hours'

---

[4]      The rates requested are reasonable and generally consistent with the Court's determinations in similar matters.  *See, e.g.*, *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Rici Corp.*, No. 24-CV-1853 (VEC), 2024 WL 2874587, at *4 (S.D.N.Y. June 6, 2024) (awarding attorneys' fees at hourly rate of $310 for associate attorneys); *J&V Locks & Doors, Inc.*, 2025 WL 1504695, at *3 (awarding attorneys' fees at hourly rate of $410 for partner attorneys); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. AAA Windows & Doors Corp.*, No. 25-CV-2646 (GHW), 2025 WL 1898539 at *7 (S.D.N.Y. July 8, 2025) (awarding fees at hourly rate of $163 for legal assistants).

worth of fees per petition.[5]  Petitioners' letter includes an additional 0.8 hours spent preparing and filing the Petition and related materials.  Updated Bill at 1.  Petitioners provide no justification, outside the added invoice entries, why the Court should award fees for work performed prior to and during the filing of the Petition that were not included in the initial request.  Updated Bill; Pet. Ex. M.  The Court also questions the entries regarding service, including substantial time spent researching and discussing where Respondent was located, even though service was ultimately made at the place of business alleged in the Petition.  *See* Updated Bill at 2; Affidavit of Service, Dkt. 7; Pet. ¶ 7.  Time spent billing, such as on January 28, 2026, also should not be included.  *See* Updated Bill at 3.  This Court concludes that a fifteen percent reduction to the overall fee is appropriate to account for these unreasonable additions.  Thus, an award of $1,444.02 in attorneys' fees is appropriate.

This Court finds the $558.45 in costs requested by counsel reasonable.  The costs are associated with service, mailing, and filing, and are supported by receipts and contemporaneous documentation.  Updated Bill at 3–14.  Accordingly, the Court awards Petitioners $2,002.47 in attorneys' fees and costs.

---

[5]  *See, e.g.*, *Rici Corp.*, 2024 WL 2874587, at *4 (awarding attorneys' fees for four hours of work); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Buildtask, LLC*, No. 21-CV-2260 (VEC), 2021 WL 3544720, at *3 (S.D.N.Y. Aug. 10, 2021) (awarding attorneys' fees for 1.7 hours of work); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Saheet Constr. Corp.*, No. 20-CV-2646 (VEC), 2020 WL 5237799, at *2 (S.D.N.Y. Sept. 2, 2020) (awarding attorneys' fees for 4.7 hours of work); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Greenebuild LLC*, No. 20-CV-2577 (VEC), 2020 WL 3962123, at *2 (S.D.N.Y. July 13, 2020) (awarding attorneys' fees for 6.1 hours of work); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Ogee Constr. LLC*, No. 20-CV-2194 (VEC), 2020 WL 3488894, at *2 (S.D.N.Y. June 25, 2020) (awarding attorneys' fees for 7.4 hours of work); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Empire Masonry, LLC*, No. 19-CV-1233 (VEC), 2019 WL 11270457, at *3 (S.D.N.Y. June 5, 2019) (awarding attorneys' fees for 6.1 hours of work); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Premier Concrete Servs. Inc.*, No. 17-CV-6036 (VEC), 2018 WL 487299, at *3 (S.D.N.Y. Jan. 18, 2018) (awarding attorneys' fees for 2.4 hours of work).

### III.    Pre- and Post-Judgment Interest Are Warranted

As for interest, Petitioners' requested rate of 9.5 percent, which represents a modest increase from the default rate of nine percent set by N.Y. CPLR § 5004, is proper.  *See* Pet. Ex. C, at Art. XV § 6(a)(2) (providing for interest on the unpaid contributions determined at the prime rate of a designated bank plus two percent); *see also KLS Diversified Master Fund, L.P. v. McDevitt*, 532 F. Supp. 3d 126, 139 (S.D.N.Y. 2021), *aff'd*, No. 21-1263, 2022 WL 2759055 (2d Cir. July 13, 2022) (awarding a pre-judgment interest rate of four percent until maturity, then nine percent until judgment); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Hera Sports. LLC*, No. 23-CV-10800 (VSB), 2025 WL 1326998, at *3 (S.D.N.Y. May 7, 2025) (awarding a pre-judgment interest rate of 10.5 percent).

Post-judgment interest on the full judgment amount at the statutory rate is also appropriate under 28 U.S.C. § 1961, which applies to "any money judgment in a civil case recovered in a district court."  28 U.S.C. § 1961(a); *see also Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100 (2d Cir. 2004) (post-judgment interest calculated from the date of the entry of judgment at statutory rate under Section 1961 — equal to the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding — is mandatory for arbitration awards unless parties contract otherwise).

### CONCLUSION

For the foregoing reasons, the Petition to confirm the arbitration award is GRANTED. The Court awards judgment for Petitioners in the amount of **$153,053.25** as follows:

- **$151,050.78**, reflecting the $95,805.23 of unpaid contributions, $24,625.32 in interest, $24,625.32 in liquidated damages, $146.16 in promotional fund contributions,

11

$3,348.75 in audit costs, $1,500 in attorneys' fees, and $1,000 in arbitration costs, with interest to be calculated at a rate of 9.5 percent from October 28, 2025, to the date of this Judgment; and

- **$2,002.47**, reflecting reasonable attorneys' fees and costs incurred by Petitioners in this action.

It is further ordered that the Clerk of Court impose post-judgment interest on the total amount reflected above at the applicable statutory rate pursuant to 28 U.S.C. § 1961(a).

The Clerk of the Court is further directed to terminate all open motions on the docket and to CLOSE this case.

**SO ORDERED.**

Date:  **May 12, 2026**
        **New York, NY**

_____
        **VALERIE CAPRONI**
        **United States District Judge**